**McRAE v. WOODS, Acting Housing Expediter.**

**No. 457.**

United States Emergency Court of Appeals.

Submitted Jan. 17, 1948.

Filed Jan. 21, 1948.

Rehearing Denied Feb. 16, 1948.

Gretchen McRae, complainant, pro se.

Ed Dupree, Gen. Counsel, and Charles P. Liff, Chief Appeals Section, Office of Housing Expediter, both of Washington, D. C., for respondent.

Before MARIS, Chief Judge, and MAGRUDER, McALLISTER, and LINDLEY, Judges.

MARIS, Chief Judge.

The complainant in this case was given leave on September 25, 1947, by the District Court for the District of Colorado to file in this court her complaint against the Housing Expediter under Section 204(e) of the Emergency Price Control Act, as amended, 50 U.S.C.A.Appendix, § 924(e). That section contains the following pertinent provisions:

"Upon the filing of a complaint pursuant to an within thirty days from the granting of such leave, the Emergency Court of Appeals shall have jurisdiction to enjoin or set aside in whole or in part the provision of the regulation, order, or price schedule complained of or to dismiss the complaint."

The complaint was sworn to by the complainant before a Notary Public on October 25, 1947. It was enclosed with a letter of transmittal addressed to the Clerk of this court which was dated October 25, 1947, but which, as the postmark on the enclosing envelope now in the possession of the Clerk of this court shows, was not mailed until October 27, 1947, at 4:30 o'clock P.M. at Colorado Springs, Colorado. The envelope containing the letter and the complaint was for some unexplained reason addressed by the complainant to the Housing Expediter instead of to the Clerk of this court. It was received by the Housing Expediter on October 29, 1947, and on October 30, 1947, the complaint was delivered by him to the Clerk of this court who filed it in his office.

The respondent has filed a motion to dismiss the complaint upon the ground that the court is without jurisdiction to entertain it because it was not filed within thirty days after leave was granted by the district court to file it. Opposing the motion the complainant points out that the complaint was verified before a Notary Public within the period of thirty days and urges that this was sufficient to confer jurisdiction upon the court. We are satisfied, however, that verification cannot be treated as the equivalent of filing so as to give this court power to consider and determine the issues which the complainant seeks to raise.

This court was created by the Emergency Price Control Act and it has only such power as is conferred upon it by statute. It is perfectly clear from the statute that a complaint under Section 204(e) must be filed in this court within thirty days after leave is granted to file it in order to confer upon this court the power to grant the relief sought by it. It is equally clear that a complaint is not filed, within the meaning of the act, until it is actually delivered to the Clerk for filing in his office. United

States v. Lombardo, 1916, 241 U.S. 73, 36 S.Ct. 508, 60 L.Ed. 897; Lewis–Hall Iron Works v. Blair, App.D.C., 1928, 23 F.2d 972; Stebbins' Estate v. Helvering, App.D. C., 1941, 121 F.2d 892. Indeed it has been held that the depositing of a paper in the post office is not sufficient to constitute a filing even though it be posted in time for it to reach the filing office in the usual course of the mails within 'the period allowed. Poynor v. Commissioner of Internal Revenue, 5 Cir., 1936, 81 F.2d 521. It is thus evident that the mere verification of a complaint before a Notary Public within the period fixed by the statute cannot give the court jurisdiction where as here the complaint itself is not filed in the Clerk's office until after the expiration of that period.

It follows that we have no jurisdiction to hear and determine the complainant's cause. The motion to dismiss the complaint must accordingly be granted.