Howard G. DOGGETT, Stanley Doggett, Inc., and Stanley Doggett, Inc., to the use of Howard G. Doggett, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. No. 9581.

United States District Court E. D. New York.

July 9, 1956.

Max Schoengold, New York City, for plaintiffs.

Leonard P. Moore, U. S. Atty. for Eastern District of New York, by Harry C. Fischer, Asst. U. S. Atty., Brooklyn, N. Y., for the United States.

BYERS, District Judge.

This is a defendant's motion for summary judgment pursuant to Rule 56, Fed.Rules Civ.Proc., 28 U.S.C.A. because the court is said to lack jurisdiction of the controversy.

The plaintiff's alleged cause arises under the provisions of the Contract Settlement Act of 1944, 41 U.S.C. § 101, and demand is made for judgment in the sum of $8,851.44.

It appears that the plaintiff was a sub-contractor, the prime contractor being War Battery Company of Kansas City, Missouri; and the contract under which the claim was made was dated April 11, 1945 for 48,000 pounds of red mercuric oxide, of the estimated contract price of $132,960. The sub-contractor proceeded with the performance, but on August 15, 1945 the contract was terminated pursuant to proper action by governmental authorities.

A claim was duly presented on behalf of the sub-contractor to the Settlement Board, an agency of Government constituted to deal with such matters, and thereafter direct negotiations in that behalf were duly conducted, and on March 22, 1947 a determination was made of the amount due to plaintiff, namely, $459.04.

In that connection findings of fact and a unilateral determination were enclosed in an envelope addressed to

"Stanley Doggett, Inc.

"c/o Mr. Isidore Daniels,

"535 Fifth Avenue, New York."

The legal sufficiency of that action is the important subject for disposition on this motion.

That determination set in motion on the part of the plaintiff, the provisions of the said Contract Settlement Act in Section 113(b) thereof, namely, he had a right (a) to appeal to the Appeal Board "in accordance with subsection (d) * * *", or (b) bring suit in the Court of Claims or in a District Court having jurisdiction.

The substance of the defendant's motion is that the plaintiff did neither, and it is conceded that he did not avail himself of the remedy second above stated, until December 21, 1948 when the original complaint in this cause was filed.

Whether he took advantage of the first remedy depends upon the effect to be given to his having caused a notice of appeal to the Appeal Board in Washington to be mailed on June 20, 1947. The notice was not received until June 22nd.

 In that respect the plaintiff's contention is that the mailing was in legal effect a filing with the Board on June 20th in accord with the provisions of Regulation 15 of that Board, which reads in material part as follows:

"Regulation No. 15

"Rule 3—Limitation on Time for Filing Notice of Appeal

"An appeal may be initiated by filing a notice of appeal, as provided in Rule 4(2) within 90 days after delivery to appellant of written findings by the contracting agency, or (b) in case of protest or appeal within the agency, within 90 days after the determination of such protest or appeal, or (c) in case of failure to deliver such findings, within one year after appellant's demand therefor. Unless the notice of appeal is received by the Board within the time specified, appellant shall be precluded thereafter from initiating the appeal before the Board."

The remedies above referred to are controlled by subsection (c) of said Section 113:

"(2) A war contractor may initiate proceedings in accordance with subsection (b) of this section (i) within ninety days after delivery to him of the findings by the contracting agency, or (ii) in case of protests or appeal within the agency, within ninety days after the determination of such protest or appeal, or (iii) in case of failure to deliver such findings, within one year after his demand therefor. If he does not initiate such proceedings within the time specified, he shall be precluded thereafter from initiating any proceedings in accordance with subsection (b) of this section, and the findings of the contracting agency shall be final and conclusive, or if no findings were made, he shall be deemed to have waived such termination claim."

Thus the plaintiff's right to either seek review by the Appeal Board, or to bring suit in the District Court depended upon his taking appropriate action within 90 days from the delivery of the findings to him.

The contention of the Government that the plaintiff failed to comply with the foregoing must be sustained, because the requirement of the statute is clear and establishes the circumstances under which the Government may be held to answer to one who asserts a claim against it; in other words, the requirement is jurisdictional. Di Prospero v. Commissioner, 9 Cir., 176 F.2d 76; also Modern Engineering Co. v. United States, 113 F.Supp. 685, 126 Ct.Cl. 136.

 The point is not seriously questioned in opposition to the motion, but reliance is had upon the argument that there was no actual delivery to the plaintiff of the written findings referred to in Rule 3 above quoted, for the reason that they were actually mailed as stated,

to Isidore Daniels who was known to be the agent for the corporation, Stanley Doggett, Inc., rather than to the agent for Howard G. Doggett, an individual, who was known to be the assignee of the claim which was originally filed by the corporation.

The argument runs that since the Government is relying upon a technicality in seeking to avoid the mailing as above recited, Howard G. Doggett may equally rely upon the failure of the Government to make delivery to him or to his agent, since the findings were addressed to the assignor corporation, "c/o Isidore Daniels". This means that although it appears that Daniels was the accountant and agent for Howard Doggett, the failure to address the findings to him as agent for the individual, must be construed as a failure to make the required delivery.

This argument loses all of its force in view of the fact that the notice of appeal which the individual Doggett mailed as above stated, recited therein:

"2. Date on which findings of Contracting Agency were delivered:

March 22, 1947."

Thus in terms he formally admitted the delivery of the findings which was a necessary basis for the appeal.

Moreover as a practical matter, it sufficiently appears that Isidore Daniels was the agent for both the corporation above named and its assignee, and no good reason can be perceived for holding that the said findings were not in truth and in fact delivered to Howard G. Doggett. This being so, they should have been the subject of a timely appeal, but were not.

The misgivings entertained by the court at the time of the argument concerning the preference of the Government to rely upon this motion instead of meeting the claim asserted on the merits, have yielded to a careful examination of all the papers which have been filed in connection with the motion. The position of the Government is quite understandable.

Since there is no contest of material fact, it results that the defendant's motion must be granted.

Settle order.