210 A.2d 185 (1965)
In the Matter of HILTON HOTELS CORPORATION and the Merger thereof with Statler Hotels Delaware Corporation.
Court of Chancery of Delaware, Kent.
May 19, 1965.
*186 William S. Megonigal, Jr., of Morris, Nichols, Arsht & Tunnell, Wilmington, for Carl M. Loeb, Rhoades & Co., claimant; George Berlstein, New York City, of counsel.
Robert H. Richards, Jr., and E. Norman Veasey, of Richards, Layton & Finger, Wilmington, for Hilton Hotels Corp.; William J. Friedman, Chicago, Ill., of counsel.
SHORT, Vice Chancellor:
This is an action under 8 Del.C. § 262 for the appointment of an appraiser to determine the value of shares of stock of objectors to a merger of Statler Hotels Delaware Corporation (Statler), a Delaware corporation, with Hilton Hotels Corporation (Hilton), a Delaware corporation. Carl M. Loeb, Rhoades & Company (Loeb, Rhoades), the record holder, has filed a claim for appraisal with respect to 1500 shares of Statler, 1000 of which are beneficially owned by Mr. and Mrs. Herbert L. Abrons (Abrons) and 500 of which are beneficially owned by Mr. and Mrs. Edward R. Aranow (Aranow). Hilton, the surviving corporation, has filed objections to these claims. Insofar as they purport to be claims of Abrons and Aranow, Hilton denies the right of the beneficial owners to file claims. As to the record holder, Loeb, Rhoades, its right to file claims is challenged on the ground (1) that its written objection to the merger was addressed to Hilton rather than to Statler, and, (2) that the written objection was not filed before the taking of the vote on the merger as required by the statute. This is the decision after hearing on Hilton's objections.
The evidence discloses that a meeting of Statler stockholders was called for July 13, 1962 to vote upon the proposed merger with Hilton. On July 9, 1962, attorneys for Abrons, Aranow and other persons alleged to be stockholders of Statler forwarded to Statler a letter purporting, on behalf of said persons, to object to the proposed merger. Enclosed with the letter of July 9, 1962 was a written objection dated July 3, 1962 executed by Aranow. The letter of July 9, 1962 was admittedly received by Statler on July 10, 1962. On July 11, 1962, Loeb, Rhoades addressed and mailed to Hilton a letter enclosing a proxy for 1500 shares to be voted in opposition to the merger agreement. Loeb, Rhoades introduced testimony tending to show that in the ordinary course of the mails its letter of July 11, 1962 would have been received in Chicago prior to 10:00 A.M. on July 13, 1962, the hour noticed for the meeting of Statler stockholders. This meeting, at which the proposed merger was approved, was adjourned prior to 11:00 A.M. on that date. The Loeb, Rhoades letter was introduced into evidence by Hilton. It bears a rubber stamp notation of receipt on July 13, 1962. It bears, also, this notation in long hand: "Received at mail desk 11:30 A.M. per Lily Poliquin." Miss Poliquin was identified as one of the mail clerks of Hilton and Statler. She was not produced as a witness, nor was her signature identified. At the time of the hearing Loeb, Rhoades did not object to the admission into evidence of this letter, nor to any of the notations thereon. At about noon on July 12, 1962 Loeb, Rhoades' proxy clerk called William J. Friedman, the secretary of both Statler and Hilton, on the telephone for the purpose of determining whether or not the direction of Loeb, Rhoades' letter of July 11, 1962 to Hilton rather than to Statler would affect the validity of Loeb, Rhoades' objection. According to the testimony Mr. Friedman assured the proxy clerk "You are all right, don't worry." Following the stockholders meeting of July 13, 1962, correspondence between Hilton and objecting stockholders, including Loeb, Rhoades, was *187 carried on for sometime. Thereafter, negotiations for settlement of the claims of the objecting stockholders, including Loeb, Rhoades as the record holder of the shares here involved, were continued for some months and culminated in an agreement of settlement subject to the approval of the board of directors of Hilton. The board refused to approve the settlement and claims of the several stockholders for appraisal were thereafter filed. At no time prior to the filing by Hilton of objections to the shares involved was any question raised by Hilton as to the right of Loeb, Rhoades to appraisal of the shares.
Loeb, Rhoades contends that the evidence shows that its letter of July 11, 1962 was received by Statler, or Hilton, prior to the taking of the vote of the Statler stockholders on July 13, 1962. It contends also that the written objection by Aranow in the letter of July 13, 1962 can properly be considered as an objection by an agent of Loeb, Rhoades, the record holder. It contends, also, that the written objection of July 11, 1962 may, under the circumstances, properly be considered as directed to Statler. It further contends that Hilton is now estopped to raise any objections to the claims under consideration by reason of its conduct both before and after the stockholders' meeting. I will consider Loeb, Rhoades' contentions in the order in which they are presented.
The appraisal statute, § 262 Title 8, Del.C. requires that a stockholder objecting to a merger must, inter alia, object in writing and that such written objection must be "filed" with the corporation before the taking of the vote on the merger. The burden of proof of compliance with the statutory requirements is on the stockholder claiming the right to appraisal. In re Universal Pictures Co., Inc., 28 Del.Ch. 72, 37 A.2d 615. It was, therefore, incumbent upon Loeb, Rhoades to affirmatively show that its written objection dated July 11, 1962 was "filed" with the corporation before the taking of the vote. Loeb, Rhoades contends that it has met its burden by a mere showing that in the ordinary course of the mails the objection would have been received in Chicago prior to the hour at which the meeting was called. If this was a case within the field of contract law plaintiffs contention might have merit. However, where a statute, as here, requires that a document be "filed" before a specified time, no presumption as to the time of delivery is raised. Thus, in In re Gorski, 227 Mass. 456, 116 N.E. 811, the court held that a claim required by statute to be filed with a board "must be delivered physically into the possession of the board before it can be said to be filed with the board." In United States v. Lombardo, 241 U.S. 73, 36 S.Ct. 508, 60 L.Ed. 897, it was held that where a statute required a document to be filed with a particular officer by a specified date in order to preserve a right, the statute was not satisfied by a deposit in the post office at some distant place. To the same effect, see Modern Engineering Co. v. United States, 113 F.Supp. 685, 126 Ct.Cl. 136; Poynor v. Commissioner of Internal Revenue, 5 Cir., 81 F.2d 521; In re State ex rel. Attorney General, 185 Ala. 347, 64 So. 310; Kelley v. Bryan, (Okl.), 361 P.2d 1080. Loeb, Rhoades has introduced no testimony as to the time of receipt of the written objection for filing by the corporation. On the other hand, defendant has introduced the original of the written objection addressed to Hilton by Loeb, Rhoades. This letter by the stamped receipt mark and long hand notation indicates receipt at the mail desk of Statler and Hilton at 11:30 A.M. on July 13, 1962. According to the testimony, the meeting of stockholders of Statler had been adjourned some thirty minutes prior to the noted time. Loeb, Rhoades did not object to the introduction into evidence of this letter, including the notations, at the time of the hearing. It now objects on the ground that the long hand notation of the time of receipt is hearsay and should not be given any consideration by this court. While there is some conflict in the authorities, it is generally held that the failure to object to incompetent *188 evidence waives any ground of complaint of its admission. McCormick on Evidence § 52. So, in Diaz v. United States, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500, the Supreme Court said: "[W]hen evidence of that character [hearsay] is admitted without objection, it is to be considered and given its natural probative effect as if it were in law admissible." While this rule is most often invoked with respect to hearsay evidence, it has been applied to evidence which is subject to objection because of the want of authentication of a writing. Ibid, § 54; Wigmore on Evidence, Third Ed. § 2132; Di Matteo v. State, (Ohio App.), 130 N.E.2d 351; Collins v. Streitz, 9 Cir., 95 F.2d 430; Dowling v. Jones, 2 Cir., 67 F.2d 537. In the case last cited, Judge Learned Hand had this to say: "Although the letter is an unsworn declaration of Mas, it was admitted without objection, or limitation, and even if it [were] incompetent, once before the court it was evidence like any other probative fact." But compare, South Atlantic Steamship Co. of Delaware v. Munkacsy, 7 W.W. Harr. 580, 187 A. 600. Regardless, however, of what rule is properly applicable with respect to admissibility of the document in question, or to the probative effect thereof, the burden of proving filing with the corporation before the taking of the vote was on Loeb, Rhoades, and this burden has not been met. As the court said in Modern Engineering Co. v. United States, supra: "Plaintiff's present predicament stems solely from the fact that it did not make any allowance for a failure of the mail to move strictly according to schedule * *. The occurrence of these conditions, however, is a risk which plaintiff must be held to have assumed when it elected to use the mails as a means of filing its claim. Clearly this situation is not comparable to the mailing of an acceptance of an offer which has been made by mail, under the law of contracts." Since Loeb, Rhoades has failed to meet its burden of proof, it is unnecessary to consider Hilton's contention that the notations of date and time of receipt on the letter of July 11, 1962 constituted a business record of Hilton which was admissible under the statute pertaining to such records.
Loeb, Rhoades argues that the written objection by Aranow dated July 3, 1962 was made, as to the 500 shares beneficially owned by Aranow, as agent for Loeb, Rhoades. The difficulty with this argument is that Aranow's letter of objection did not purport to be as agent of the record holder, but expressly stated the status of Aranow as "owner of 500 shares." Moreover, the burden of establishing any agency was on Loeb, Rhoades and the only evidence which could be taken as indicating a delegation of authority by Loeb, Rhoades to Aranow was testimony that the letter was sent with the knowledge of Loeb, Rhoades. This is wholly insufficient to establish the existence of an agency. It is also significant that in correspondence subsequent to the stockholders' meeting on July 13, 1962 the only written objection referred to by Loeb, Rhoades, or by Aranow, is the objection of July 11, 1962. Loeb, Rhoades has, therefore, failed to establish that the Aranow letter of July 3, 1962 was filed with the corporation as agent of Loeb, Rhoades.
Since claimants have failed to show that the Loeb, Rhoades letter of July 11, 1962 was filed with Statler prior to the taking of the vote, it is unnecessary to consider their contention that the letter, under the circumstances, was properly addressed to Hilton.
Loeb, Rhoades contends that Hilton is estopped to object to the claims involved by reason of the failure of the secretary of Hilton and Statler to advise its agent during the course of the telephone conversation of July 12, 1962 that the July 11 letter of objection had not been received, and because Hilton had not at any time following the stockholders' meeting objected to these claims until after they were filed in this proceeding. The beneficial owners contend that they suffered detriment by reason of *189 Hilton's conduct in that during the period mentioned the price of Hilton's stock declined and had they known that their claims would be objected to they could have disposed of their stock at the high market. I think it clear that the recited circumstances are insufficient to raise an estoppel against Hilton. As to the telephone conversation between the proxy clerk of Loeb, Rhoades and Friedman on July 12, 1962, no inquiry was made by the Loeb, Rhoades' representative as to whether or not its letter of objection had been received. According to the testimony of the proxy clerk, the only inquiry made was as to whether or not the addressing of the letter of objection to Hilton rather than to Statler would affect the validity of the objection. It was in response to this inquiry that Friedman made the statement testified to. The inference which Loeb, Rhoades seeks to draw from the conversation is not warranted.
Nor does the failure of Hilton to assert its objection to the claims involved until after the same were filed raise an estoppel. At the hearing Hilton objected to any testimony which related to negotiations for settlement of the claims of objecting stockholders. The court reserved ruling upon this objection. I am satisfied that Hilton's objection must be sustained. Evidence of an offer to settle or compromise a claim is not admissible as an admission of liability. 2 Jones on Evidence 726. Neither is evidence of settlement with third parties to liquidate their claims arising out of the same transaction as the one involved. Ibid, 730. In 4 Wigmore on Evidence (3d Ed.) § 1061, p. 28, after discussing some of the theories judicially advanced for excluding evidence of settlement negotiations, the author says: "The true reason for excluding an offer of compromise is that it does not ordinarily proceed from and imply a specific belief that the adversaries claim is well founded, but rather a belief that the further prosecution of that claim, whether well founded or not, would in any event cause such annoyance as is preferably avoided by the payment of the sum offered. * * * By this theory, the offer is excluded because, as a matter of interpretation or inference, it does not signify an admission at all. There is no concession of claim to be found in it, expressly or by implication. Conversely, if an express admission is in terms made, it is receivable, even though it forms part of an offer to compromise." From these, and other comments by Wigmore, it is clear than an offer of compromise is not admissible in evidence except as to express admissions made during the course of negotiations. Claimants here introduced no evidence of any express admission of the validity of their claims by Hilton. On the contrary, they rely simply upon Hilton's failure to question the claims during the negotiations. Under the authorities cited, such failure can not be construed as an admission of the validity of the claims. Moreover, while an estoppel, in a proper case, may be raised by silence, here we are concerned with whether or not claimants complied with statutory requirements for perfecting their claims. In such circumstances, there was no duty upon Hilton to make known to claimants any objection which it might have to the claims. Furthermore, claimants' testimony as to reliance upon the failure to object is insufficient to establish reliance in fact. The only testimony in this regard is that of the witness Edward R. Aranow in which he testified that had he known that Hilton would raise an objection to the claim based upon the stock in which he was beneficially interested he "would have considered sale of the stock."
In connection with their contention that Hilton is estopped to now object to their claims, claimants introduced in evidence a stipulation, dated January 8, 1963, between counsel for Hilton and attorneys for objecting stockholders the purpose of which was to make unnecessary the filing of a separate appraisal action by the stockholders therein named, including these claimants, and to recognize them as parties in this proceeding. The stipulation as originally drafted, provided inter alia: "3. The *190 institution by said Objecting Stockholders or any of them of a separate proceeding under said § 262 is unnecessary, it being stipulated that said Objecting Stockholders shall be deemed for all purposes to have timely instituted a proceeding and to have taken all steps required to institute a proceeding under said § 262." Prior to executing the stipulation on behalf of Hilton its attorney struck out from Paragraph 3 thereof the following language: "and to have taken all steps required to institute a proceeding." Aranow testified that he inquired of one of Hilton's attorneys as to the reason for striking the quoted language from the stipulation and that the only reason given by Hilton's attorney was the fear on its part that since Loeb, Rhoades had voted some of the shares registered in its name in favor of the merger and some against, some of the objecting shares might in fact have been voted in favor of the merger. Having received this explanation, Aranow stated that he informed Hilton's attorney that he had no objection to the alteration of the stipulation for that purpose. At the hearing Hilton objected to any explanation by Aranow as to the reason for striking the language from the stipulation. The court reserved decision on Hilton's objection. I am satisfied that the objection was well taken. It appears that the stipulation was executed in connection with the negotiations for settlement. Under the authorities hereinbefore cited the stipulation was inadmissible except as it expressly admitted validity of the claims of objecting stockholders. Whatever reason may have been given by Hilton for striking the above quoted language from the stipulation, the fact is that at the time of execution thereof by Hilton's attorney there was no express admission of the validity of claims of any of the objecting stockholders.
Hilton's objections to the claims in issue are sustained. Order on notice.