436 So.2d 239 (1983)
Linda BERWICK, Appellant,
v.
PRUDENTIAL PROPERTY AND CASUALTY INSURANCE CO., Appellee.
No. 82-109.
District Court of Appeal of Florida, Third District.
July 5, 1983.
Rehearing Denied September 13, 1983.
*240 Preddy, Kutner & Hardy and Charles W. Rice, Miami, for appellant.
Wicker, Smith, Blomqvist, Tutan, O'Hara, McCoy & Graham and Richard A. Sherman, Miami, for appellee.
Before HENDRY, DANIEL S. PEARSON and JORGENSON, JJ.
JORGENSON, Judge.
Berwick appeals from an adverse summary judgment. In light of the following, we reverse and remand with directions to enter summary judgment in favor of Berwick.
Prudential's agent Kavanaugh told Berwick that Prudential would insure her jewelry against theft if she would have it appraised by Balogh. Kavanaugh stated that the coverage would be scheduled on Berwick's homeowner policy immediately upon his receipt of the appraisal from Balogh and that Berwick would be billed for the initial premium thereafter. Accepting Prudential's terms, Berwick submitted her jewelry to Balogh. Balogh's employee Liste subsequently signed a written appraisal. On its final page this appraisal bore the words "Copy to" followed by Prudential's name and address and a note of attention to Kavanaugh. When Berwick picked up her jewelry from Balogh, Liste told her that the appraisal had been mailed to Kavanaugh. It was the standard procedure at Balogh for an appraisal to be mailed the day it was signed and for a copy to be retained in Balogh's files. Generally six to eight appraisals were mailed daily. Balogh's files contained only the copy of Berwick's appraisal and the original was never returned to Balogh by the post office as undeliverable. During the period when the appraisal was made Kavanaugh was away on a two-week vacation. Kavanaugh had no secretary and his incoming mail was placed unopened into a pigeonhole slot, one of forty such slots in the office in which he worked. As the slot filled, the mail was stuffed into large manila envelopes which were placed into a box which was on Kavanaugh's desk awaiting his return. Shortly thereafter, Berwick's jewelry was stolen. She contacted Kavanaugh who informed her that the appraisal had never been received from Balogh and that, therefore, Prudential would not cover the loss. Berwick brought suit for breach of contract.
It is presumed that mail properly addressed, stamped and mailed was received by the addressee. Brown v. Giffen Industries, Inc., 281 So.2d 897 (Fla. 1973); Milros-Sans Souci, Inc. v. Dade County, 296 So.2d 545 (Fla. 3d DCA 1974), cert. denied mem., 310 So.2d 744 (Fla. 1975). The requirement of showing proper mailing is satisfied by proof of general office practices. Brown; Milros-Sans Souci, Inc.; see C. Ehr. hardt, Florida Evidence § 406.1 (1977).
Unless otherwise provided by statute, a presumption established primarily to facilitate the determination of an action, as here, rather than to implement public policy is a rebuttable "presumption affecting the burden of producing evidence," see § 90.303, Fla. Stat. (1981), a "bursting bubble" presumption, see C. Ehrhardt, supra, at §§ 302.1, 303.1. Such a presumption requires the trier of fact to assume the existence of the presumed fact unless credible evidence sufficient to sustain a finding of the non-existence of the presumed fact is introduced, in which event the bubble bursts and the existence of the fact is determined without regard to the presumption. See § 90.302(1), Fla. Stat. (1981); C. Ehrhardt, supra, at § 302.1; see generally Ladd, Presumptions in Civil Actions, 1977 Ariz.St.L.J. 275 (1977).
Through discovery, Berwick introduced evidence that the appraisal was mailed by Balogh to Prudential's agent Kavanaugh, thereby giving rise to the presumption that Kavanaugh received the appraisal. Prudential failed to burst the bubble of this presumption by failing to introduce contrary evidence during the summary judgment proceedings that the appraisal *241 was not received by Kavanaugh. The presumption, therefore, remains.
Reversed and remanded with directions.