SCHWARTZ, Chief Judge.
The taxpayers appeal from a summary judgment denying their claim to a 1981 agricultural classification on the ground that no return seeking that relief had been “filed” with the Dade County property appraiser as required by section 193.461(3)(a), Florida Statutes (1979).[1] Prior to the hearing, the appellants had filed a secretary’s affidavit that the return had been duly and properly addressed and mailed on January 6, 1981; the county submitted an affidavit that the 1981 return could not be found in the appraiser’s files. We reverse.
I
We first reject the appellants’ contention that merely mailing the return was sufficient to comply with the statute. The specific provision that it be “filed” clearly mandates that the return must be received by the appraiser’s office in a timely fashion. Blake v. R.M.S. Holding Corp., 341 So.2d 795, 799 (Fla. 3d DCA *836 1977); see Outboard Marine Domestic International Sales Corp. v. Florida Stevedoring Corp., 483 So.2d 823, 824 (Fla. 3d DCA 1986). The taxpayers’ reliance on section 192.047(1), Florida Statutes (1979)[2] in this regard is entirely misplaced. That section concerns only the determination of the appropriate date of filing when accomplished by mail. It has no effect upon the requirement that filing actually take place. In other words, the taxpayer, not the appraiser, takes the risk of a failure of the postal service to deliver the return.
II
We do agree, however, that the issue of whether the return was in fact delivered and filed was not properly resolved by summary judgment. It is well-settled that the fact, as is claimed in this case, that correspondence is properly addressed and mailed constitutes prima facie evidence — or, otherwise stated, creates a “presumption” — that it was received by the addressee. Brown v. Griffen Industries, Inc., 281 So.2d 897 (Fla.1973); Abrams v. Paul, 453 So.2d 826 (Fla. 1st DCA 1984); Berwick v. Prudential Property and Casualty Insurance Co., 436 So.2d 239 (Fla. 3d DCA 1983). In accordance with this rule, appropriate mailing will alone support a finding that the item was received, even in the face of evidence, such as that pro-. duced by the county below,[3] which indicates that it was not. See Milros-Sans Souci, Inc. v. Dade County, 296 So.2d 545 (Fla. 3d DCA 1974) (fact that Dade County assessor had properly mailed notice of assessment supported factual finding that notice had been received despite specific sworn testimony of taxpayer to the contrary), cert. denied, 310 So.2d 744 (Fla.1975); see generally, In re Estate of Carpenter, 253 So.2d 697, 705 (Fla.1971) (facts giving rise to presumption are evidence supportive of ultimate conclusion even though presumption itself is dissipated). The lower court erred, therefore, in determining as a matter of law that the return had not been “filed.” The cause is remanded for trial on that issue. See also Scott v. Johnson, 386 So.2d 67 (Fla. 3d DCA 1980); Winky’s, Inc. v. Francis, 229 So.2d 903 (Fla. 3d DCA 1970); see generally, Abrams v. Paul, supra.
Reversed and remanded with directions.

. 193.461 Agricultural lands; classification and assessment.—
(3)(a) No lands shall be classified as agricultural lands unless a return is filed on or before March 1 of each year.... Failure to make timely application by March 1 shall constitute a waiver for 1 year of the privilege herein granted for agricultural assessment.

. 192.047 Date of filing.—
(1) For the purposes of ad valorem tax administration, the date of an official United States Postal Service postmark of an application for exemption, an application for special assessment classification, or a return filed by mail shall be considered the date of filing the application or return.

. The appellee points to the fact that although the letter of transmittal accompanying the return, a copy of which was produced at the hearing, indicated that a return receipt was requested, none was ever received by the taxpayers. While this may well be persuasive to the fact finder that the return was indeed not delivered to the appraiser, it is obviously not sufficient to establish that fact conclusively.