## BURNS, et al. v ROBBINS, etc., et al.

### Case No. 88-53434 (CA 10)

Eleventh Judicial Circuit, Dade County

October 10, 1990

### APPEARANCES OF COUNSEL

**Bruce D. Friedlander, Esquire,** Friedlander & Associates, P.A., for plaintiffs.

**Robert A. Ginsburg,** Dade County Attorney, and **Joni Armstrong Coffey,** Assistant County Attorney, for defendants.

### OPINION OF THE COURT

MARGARITA ESQUIROZ, Circuit Judge.

### *FINAL JUDGMENT FOR DEFENDANTS*

This is a suit challenging the Dade County Property Appraiser's failure to classify plaintiffs' real property as agricultural for the year 1988. This case was tried non-jury, at which time the court heard testimony of witnesses, reviewed the evidence of record, and considered the applicable law. Pursuant thereto, the court makes the following findings of fact and conclusions of law:

## THE FACTS

Plaintiff, Southeast Bank, N.A., as trustee, was the taxpayer of record on January 1, 1988, for the property which is the subject of this action. Plaintiffs Fredric B. Burns, Michael J. Boruchov, Elwood Johnson, and Terry Kane, were beneficial owners of the property on that date.

On January 12, 1988, Mr. Burns mailed a short form renewal application for agricultural classification for the subject property. At trial, Mr. Burns and Mr. Kane presented their file copies of a cover letter mailed with the application, bearing the correct address of the Property Appraiser. Mr. Burns' secretary specifically recalled preparing the letter and mailing it and its copies.

However, Jacques Victor, an agricultural specialist in the Property Appraiser's office, explained that the Property Appraiser had never received the application. Mr. Victor detailed the office's procedures for handling incoming mail and filing agricultural classification requests, showing that it was unlikely that the office had received but lost plaintiffs' application. Of particular significance was the standard form for annual renewal application. That form is divided into three detachable parts, with the taxpayer's address preprinted by computer onto each part. Part one, the application, is mailed by the Property Appraiser to each taxpayer who received agricultural classification the prior year. The remaining two parts are filed in numerical order by property folio number, pending return of the executed application. Part two is a receipt mailed by the Property Appraiser to each taxpayer who timely files his application. Part three is a card informing the taxpayer whether agricultural classification has been granted. In plaintiffs' case, the original parts two and three were produced by Mr. Victor, showing that the Property Appraiser never had occasion to mail plaintiffs a receipt or a final determination of agricultural status. The court specifically finds that the Dade County Property Appraiser did not receive plaintiffs' application.

## APPLICATION OF THE LAW TO THE FACTS

Section 193.461(3)(a), Florida Statutes (1989), requires each taxpayer desiring agricultural classification to "file" an application by March 1 of each year with the county Property Appraiser. Failure to make timely application results in a waiver of agricultural classification for that year. The Third District Court of Appeal has adopted the view that in order for a document or paper to be "filed," it must be delivered to and received in the office of the Property Appraiser. *Blake*

200

*v R.M.S. Holding Corp.,* 341 So.2d 795, 799 (Fla. 3d DCA 1977) (containing definition of "filing").

Although proof of the fact that correspondence was properly addressed and mailed creates a rebuttable presumption that it was received by the addressee, *Moses v Bystrom,* 489 So.2d 834 (Fla. 3d DCA 1986), that presumption is overcome if the Property Appraiser comes forward with credible evidence sufficient to sustain a finding that it was not physically received. *See* §§ 90.301(2) and 90.302, Fla. Stat. (1989); *Abrams v Paul,* 453 So.2d 826, 828-829 (Fla. 1st DCA 1984); *Berwick v Prudential Property and Casualty Insurance Co.,* 436 So.2d 239, 240 (Fla. 3d DCA 1983). In the event that the Property Appraiser does come forward with credible evidence overcoming the presumption, then the existence or nonexistence of the presumed fact is determined from the evidence without regard to the presumption. § 90.302(1), Fla. Stat. (1989); *Berwick v Prudential Property and Casualty Insurance Co.,* 436 So.2d at 240-241. Mr. Victor's credible testimony about incoming mail and filing procedures constituted such credible evidence, overcoming the presumption. Further support for a conclusion of non-receipt was furnished by the fact that plaintiffs failed to produce the "receipt" regularly mailed out by the Dade County Property Appraiser after an application is filed. At the very least, the evidence warrants a conclusion that it was plaintiffs' responsibility to "look out" for that receipt as evidence that the application had reached the Property Appraiser in due time, or to be able to take corrective action if it did not. Plaintiffs obviously failed to do that.

Throughout the years, American courts have interpreted the word "file" as requiring "delivery" as opposed to merely "mailing". For instance, as early as 1916, the United States Supreme Court in *United States v Lombardo,* 241 U.S. 73, 36 S.Ct. 508 (1916), had occasion to construe the term "file" as used in the federal "white slave traffic act." The Court reasoned that because Congress had not defined the term "file" in the act, it had to consider the word's etymology and apply its ordinary meaning. The court elaborated:

> The word "file" is derived from the Latin word *"filum,"* and relates to the ancient practice of placing papers on a thread or wire for safe-keeping and ready reference. Filing, it must be observed, is not complete until the document is delivered and received. "Shall file" means to deliver to the office, and not send through the United States mails. [Citations omitted]. A paper is filed when it is delivered to the proper official and by him received and filed. [Citations omitted]. Anything short of delivery would leave the filing a disputable fact, and that would not be consistent with the spirit of the act.

*United States v Lombardo,* 241 U.S. 73, 36 S.Ct. 508, 509 (1915). *See also Modern Engineering Co., Inc. v United States,* 113 F.Supp. 685, 687 (U.S.Ct. Cl. 1953); *Kelley v Bryan,* 361 P.2d 1080 (Okla. 1961); *In re Gorski,* 227 Mass 456, 116 N.E. 811, 812-813 (1917) (reversing a decree awarding compensation where there was no evidence that the claim ever reached the Industrial Accident Board or that it was found among the documents in possession of the Board).

Sound policy considerations justify this stricter interpretation of the word "file," particularly under circumstances where "filing" is required by law as a prerequisite to a party *securing* or *preserving* a right. The Supreme Court in *Lombardo* expressly endorsed this logic when it wrote:

A court is constrained by the meaning of the words of a statute. They mark the extent of its power, and our attention has not been called to any case which decides that the requirement of a statute, whether to secure or preserve a right or to avoid the guilt of a crime, that a paper shall be filed with a particular officer, is satisfied by a deposit in the post office at some distance place. To so hold would create revolutions in the procedure of the law and the regulation of rights. In instances it might, indeed, be convenient; in others, and most others, it would result in confusion and controversies; and we would have the clash of oral testimonies for the certain evidence of the paper in the files. We hesitate, in order to accommodate the venue of a particular offense, to introduce such confusion. *United States v Lombardo,* 36 S.Ct. at 510. *See also Modern Engineering Co. v United States,* 113 F.Supp. at 687 (quoting from *Lombardo*).

To establish compliance with the statutory requirement of "filing" from an evidentiary standpoint, the burden of proof is on the party claiming to have preserved the right afforded by the particular statute, and such burden of proving filing is not satisfied by merely relying on the evidentiary presumption that correspondence properly addressed and mailed was received by the addressee. *Carl M. Loeb Rhoades & Company v Hilton Hotels Corporation,* 222 A.2d 789, 793 (Del. 1966), aff'g *In the Matter of Hilton Hotel Corporation,* 210 A.2d 185 (Del. Ch. Ct. 1965). In *Loeb,* the court wrote in no uncertain terms:

The claimants' burden of proof in this part of the case is not fulfilled by such presumption. § 262(b) requires that the written objection be "filed.n. .with the corporation before the taking of the vote" on the merger. The word "filed," in this context, means delivery to the corporation. The very purpose of the written objection, as notice to

the corporation of possible dissentients (citation omitted), requires actual receipt by the corporation before the vote is taken. The claimants had the burden of proving compliance with each of the statutory prerequisites, including this one. In view of the importance of the time of receipt of the objection, as specified by the Statute, the claimants may not rely upon the claimed presumption as fulfillment of their burden of proof. They must prove actual delivery to the corporation before the vote.

As a practical matter, this is not a harsh burden in view of the ready availability of registered mail receipts as evidence of delivery; and also as a practical matter, it is unrealistic, even in this day and and age, to expect long distance mail delivery of the hourly precision which must be assumed as the basis of the presumption the claimants seek to invoke. (Citation omitted) *Carl M. Loeb Rhoades & Company v Hilton Hotels Corporation,* 222 A.2d at 793.[1]

Hence, a party who is required by law to "file" a document to claim a right, but who chooses to rely on the mails to effect that filing, assumes the risk of delay or loss of the document. *See Moses v Bystrom,* 489 So.2d at 836; *Modern Engineering Co., Inc. v United States,* 113 F.Supp. at 687-688; *In the Matter of Hilton Hotels Corporation,* 210 A.2d at 188. As aptly stated in *In re State ex rel. Attorney General,* 185 Ala. 347, 64 So. 310 (1914):

> The mail must and could only be the agent or agency of the party applying for rehearing. If there be delay in the transmission of the application by the mail, however free from fault or negligence the applicant may have been, it cannot be said that he has complied with this very necessary and wholesome provision of the rule. In mailing or otherwise transmitting the application, the chance of miscarriage or delay is a contingency, the happening of which the applicant must assume. Such miscarriage or delay will rarely occur; but when they do it cannot be affirmed that seasonable, proper posting answers the prescription of the rule. *In re State ex rel. Attorney General,* 54 So. at 311. And as noted in *Modern Engineering:*

> Plaintiff's present predicament stems solely from the fact that it did

---

[1] In support of the conclusion that proof of the mailing presumption alone will not suffice to establish filing under the circumstances, the lower court in Loeb suggested that "[I]f this was a case within the field of contract law plaintiffs contention might have merit. However, where a statute, as here, requires that a document be 'filed' before a specified time, no presumption as to the time of delivery is raised." In the Matter of Hilton Hotels Corporation, 210 A.2d at 187. The lower court's judgment in Loeb was affirmed by the Supreme Court of Delaware. Carl M. Loeb Rhoades & Company v Hilton Hotels Corporation, 222 A.2d 789 (Del. 1966).

not make any allowance for a failure of the mail to move strictly according to schedule, and did not take into consideration the possible intervention of the weekend. The occurrence of these conditions, however, is a risk which plaintiff must be held to have assumed when it elected to use the mails as a means of filing its claim. Clearly this situation is not comparable to the mailing of an acceptance of an offer which has been made by mail, under the law of contracts. *Modern Engineering Co., Inc. v United States,* 113 F.Supp. at 687-688. *See also Poynor v Commissioner of Internal Revenue,* 81 F.2d 521, 522 (5th Cir. 1936).

For all of the foregoing reasons, final judgment is hereby entered in favor of defendants, Joel Robbins and Fred Ganz, and against plaintiffs. Defendants shall recover costs, to be determined at a later date, from plaintiffs.

DONE AND ORDERED in Chambers at Miami, Dade County, Florida, this 10th day of October, 1990.