## WHITE BUFFALO CONSTRUCTION, INC., Plaintiff,

v.

## The UNITED STATES, Defendant.

### No. 91–1128C.

United States Court of Federal Claims.

May 13, 1992.

Deborah A. Bynum, Dept. of Justice, Civ. Div., Washington, DC, for the U.S.

Andrew P. Ositis, Salem, OR, for White Buffalo Const., Inc.

WEINSTEIN, Judge.

### Order

On February 6, 1992, the court ordered plaintiff to show cause why its claims based on the contracting officer's final decision issued April 26, 1990, should not be dismissed for lack of jurisdiction because its complaint here was not filed within twelve months from April 27, 1990, the date plaintiff acknowledges receipt of that decision, as required by § 609(a)(1)[1] of the Contract Disputes Act of 1978 (CDA).[2]

Plaintiff's response did not dispute that its complaint here was not filed until April 30, 1991, but instead requested, pursuant to Rules of the United States Claims Court (RUSCC) 3(b)(2)(C), a corrective order to the clerk to show its complaint as having been filed on Monday, April 29, 1991, the first business day after the due date of Saturday, on the grounds that "in the ordinary course of the mail," the complaint should have arrived on that date.[3] Plain-

---

1. Plaintiff also has sought reconsideration of the court's revised order transferring to the Agricultural Board of Contract Appeals (AGBCA) the count of the complaint based on the contracting officer's final decision of December 13, 1990 (Count II(d) of plaintiff's first amended complaint, regarding work on the stairs). Plaintiff's motion for reconsideration does not persuade the court that this count does not, as defendant claims, overlap claims already before the AGBCA simply because different "relief" is required. Rather, plaintiff concedes that it has "introduced documents from its files and testimony of the plaintiff's owner and his brother on the stairs...." Therefore, the motion for reconsideration is denied.

2. 41 U.S.C. §§ 601–613 (1988).

3. Since the complaint arrived on the 30th, the court need not address the issue of whether arrival on the 29th would have met the twelve-month filing requirement of 41 U.S.C. § 609(a)(1), when the twelve-month period expired on the 28th or 29th, in short, whether the method of computing time permitted by RUSCC 6(a) is a permissible expansion of this court's jurisdiction under statutes containing limitations periods.

By statute and under this court's rules, the court shall be "deemed always open for the purpose of filing proper papers," 28 U.S.C. § 452 (made applicable to Claims Court by 28 U.S.C. § 460); RUSCC 77(a). Thus, the complaint hypothetically could have been filed on the actual date when the twelve-month period

tiff's amended motion for corrective order, filed on April 17, 1992, was accompanied by an affidavit from Mike Garrison, Superintendent of Window Services, United States Postal Service, 10502 5th S.E. Salem, Oregon, stating that "Washington, D.C. is a three-day delivery area for first class mail from Salem, Oregon" and that "a piece of first class mail or certified mail deposited with a Salem Post Office on Thursday, April 25, 1991, should have been received in Washington, D.C. on the following Monday, April 29, 1991." The amended motion also appended an affidavit from plaintiff's president and sole stockholder, Luther Clevenger, stating that he placed the complaint in the mail (by certified mail) on the afternoon of Thursday, April 25, 1991, and that he was assured by the clerk that he need not send it via one day delivery service, be-

cause, in any event, it would not arrive until Monday, April 29, 1991, the same day it would arrive if it were sent by certified mail only.[4]

The court denies plaintiff's motion for corrective order, as revised, on grounds other than those argued by defendant,[5] specifically because this court cannot, by rule or order, create exceptions to or otherwise waive or expand a limitations period established by statute.

The terms of the sovereign's consent to suit long have been considered jurisdictional. *See, e.g., United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941) (limitations and conditions upon which the government consents to be sued must be strictly observed and exceptions thereto are not to be implied).

---

expired. However, the logistical obstacles to filing in this court on a Saturday or Sunday appear all but insurmountable, given the lack, after midnight on Friday, of an open lock box with time-stamping capacity, or of access to a guard for in-hand filing, or of practical access to the Clerk, a Judge, or another officer authorized to accept papers for filing. *Cf. Freeman v. Giacomo Costa Fu Andrea,* 282 F.Supp. 525, 527 (E.D.Pa.1968) ("it is settled law that delivery of a pleading to a proper official is sufficient to constitute filing thereof") (citing *United States v. Lombardo,* 241 U.S. 73, 36 S.Ct. 508, 60 L.Ed. 897 (1916)); *Charlson Realty Co. v. United States,* 181 Ct.Cl. 262, 384 F.2d 434, 453 (1967) (Davis, J., dissenting) ("The [C]ourt [of Claims] maintained personnel in the building 24 hours a day, seven days a week, including holidays, so it was possible to accept mail and papers for filing at all times.").

Also, query whether the United States District Courts' reliance on Fed.R.Civ.P. 6(a) justifies this court's reliance on RUSCC 6(a), when the Claims Court rule *is not a statutory rule having the concurrence of Congress. See* Act of June 19, 1934, 48 Stat. 1064 (current version at 28 U.S.C. § 2072 (1988)); *Union Nat'l Bank v. Lamb,* 337 U.S. 38, 41, 69 S.Ct. 911, 913, 93 L.Ed. 1190 (1949); *Muse v. Freeman,* 197 F.Supp. 67, 70 (E.D.Va.1961) (Fed.R.Civ.P. 6(a) valid to extend statute of limitations; court order extending the statute even further is *not*). On the other hand, to the extent the rulemaking power delegated by Congress to the Supreme Court is only to make rules "not inconsistent with the statutes or the Constitution of the United States," *see Sibbach v. Wilson & Co.,* 312 U.S. 1, 9–10, 61 S.Ct. 422, 424, 85 L.Ed. 479 (1941) (upholding federal procedural rule conflicting with prior case law); *Wayman v. Southard,* 23 U.S. (10 Wheat.) 1, 21, 6 L.Ed. 253 (1825), it

would appear not to encompass rules varying or contradicting a statutory finality requirement. *Cf. Sibbach,* 312 U.S. at 18, 61 S.Ct. at 428 (Frankfurter, J., dissenting) ("Plainly, the Rules are not acts of Congress and can not be treated as such.").

4. The amended motion for corrective order apparently added the Garrison affidavit in order to counter defendant's opposition to the motion for corrective order, which argued that plaintiff's original motion failed to meet the requirements of RUSCC 3(b)(2)(C), because it was based solely on verbal assurances from a postal clerk, which are not sufficient to invoke the rule under *Charlson Realty,* 384 F.2d at 441, 445.

5. Were there no jurisdictional issue involved, the court would deny the motion for corrective order and dismiss based on plaintiff's failure to meet the requirements of RUSCC 3(b)(2)(C), because this court cannot conclude that a Thursday afternoon mailing was sufficient to "assure receipt" on Monday. That the United States Postal Service usually accomplishes delivery within the period of time designated by the "delivery area" and, thus, that this is the period within which, "in the ordinary course of the mail," it should have arrived, is not clear from the declaration of Superintendent Garrett, or otherwise. Thus, plaintiff has not established that he is entitled to invoke RUSCC 3(b)(2)(C) and, rather, appears to fall within the circumstances described by the court in *Modern Eng'g Co. v. United States,* 126 Ct.Cl. 136, 113 F.Supp. 685, 687–88 (1953): plaintiff made no allowance "for a failure of the mail to move strictly according to schedule, . . . . The occurrence of these conditions . . . is a risk which plaintiff must be held to have assumed when it elected to use the mails as a means of filing its claim."

Statutes of limitations are considered jurisdictional. *See Soriano v. United States,* 352 U.S. 270, 276, 77 S.Ct. 269, 273, 1 L.Ed.2d 306 (1957) (compliance with a statutory time limitation is considered a prerequisite to the court's exercise of jurisdiction); *Jones v. United States,* 801 F.2d 1334 (Fed.Cir.1986), *cert. denied,* 481 U.S. 1013, 107 S.Ct. 1887, 95 L.Ed.2d 495 (1987) (six-year statute of limitations for Claims Court complaints is jurisdictional, and not waivable).

Coming within the CDA's statutory limitations period, whether or not an issue of subject matter jurisdiction, is certainly a prerequisite to bringing action based on a contract subject to the CDA in this statutory court, because this requirement was imposed by Congress in the CDA and is a term of the government's consent, by waiver of sovereign immunity, to be sued in contract cases subject to the CDA. *Cf. Finley v. United States,* 490 U.S. 545, 547–48, 109 S.Ct. 2003, 2005–06, 104 L.Ed.2d 593 (1989) (courts created by statute have only the jurisdiction conferred by statute); *Browder v. Illinois,* 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978) (statutory thirty-day period to file civil appeal under 28 U.S.C. § 2107 is "mandatory and jurisdictional"); *Central Vermont Ry. v. White,* 238 U.S. 507, 511, 35 S.Ct. 865, 867, 59 L.Ed. 1433 (1915) (statute of limitations not procedural—and thus not waivable— "if, by the statute giving the cause of action, the lapse of time not only bars the remedy but destroys the liability."); *Action on Smoking & Health v. C.A.B.,* 724 F.2d 211, 225 (D.C.Cir.1984) (Thirty-day application deadline for Equal Access to Justice Act (EAJA) fees "is not simply a statute of limitations [but] ... is a jurisdictional prerequisite to governmental liability ... [and] failure to file in timely fashion deprives th[e] court of subject matter jurisdiction."). The Federal Circuit Courts have agreed unanimously that the EAJA's thirty-day time limit is jurisdictional and, therefore, that neither the parties nor the courts may waive it. *Howitt v. United States*

*Dep't of Commerce,* 897 F.2d 583, 584 (1st Cir.1990) (refusing to waive time limit even when application timely filed but in the wrong court—the Federal Circuit).

Because Congress legislatively mandated the twelve-month time period, it cannot be extended out of sympathy for particular litigants, even if this effects a seemingly harsh result, *compare Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 152, 104 S.Ct. 1723, 1726, 80 L.Ed.2d 196 (1984) (quoting *Mohasco Corp. v. Silver,* 447 U.S. 807, 826, 100 S.Ct. 2486, 2497, 65 L.Ed.2d 532 (1980) that "[i]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law"); *UNR Indus., Inc. v. United States,* 962 F.2d 1013, 1020, 1022 (Fed.Cir.1992) (en banc); *Butler v. Derwinski,* 960 F.2d 139, 141 (Fed.Cir.1992) (extension of 120–day statutory period for filing appeal to Court of Veterans' Appeals cannot be extended upon showing of good cause) (citing *Mohasco Corp.,* 447 U.S. at 826, 100 S.Ct. at 2497).[6]

While RUSCC 3(b)(2)(C) has been read as creating a "rebuttable presumption" of *actual* receipt by the date it *should* have arrived in the ordinary course of the mail, *see, e.g., Charlson Realty,* 384 F.2d 434, the presumption cannot be applied in this case, since a judicially-created presumption cannot override the terms of a statute limiting the sovereign's waiver of immunity to suit. *See Carney v. United States,* 199 Ct.Cl. 160, 462 F.2d 1142 (1972); *Rolls–Royce Ltd. v. United States,* 176 Ct.Cl. 694, 364 F.2d 415 (1966); *cf. Charlson Realty,* 384 F.2d at 449 (Nichols, J., concurring) ("presumption" is legal fiction, which "serve[s] well enough for a while, but we must avoid mistaking [it] ... for reality"). *See generally, id.* at 455 (Davis, J., dissenting).

Accordingly, plaintiff's motion for a corrective order is denied and the counts of the first amended complaint based on the

---

**6.** Federal courts have long recognized that they may not, by rule, alter or extend their jurisdiction. *Cf.* Fed.R.Civ.P. 82 (as amended Dec. 29, 1948, and Feb. 28, 1966); *Meek v. Centre County Banking Co.,* 268 U.S. 426, 434, 45 S.Ct. 560, 563, 69 L.Ed. 1028 (1925).

contracting officer's final decision of April 26, 1990, are dismissed for lack of jurisdiction. No costs.