In the Matter of JOHN J. ZEEB,
Respondent Below, Appellant,

*vs.*

ATLAS POWDER COMPANY,
Petitioner Below, Appellee.

*Supreme Court, On Appeal, March 6, 1952.*

WOLCOTT and TUNNELL, Justices, and HERRMANN, Judge, sitting:

*H. James Conaway, Jr.,* of Hering, Morris, James & Hitchens, for appellant.

*Richard F. Corroon,* of Berl, Potter & Anderson, for appellee.

WOLCOTT, Justice, delivering opinion of the court:

The appellant was a common stockholder of Darco Corporation which, on July 31, 1950, merged into Atlas Powder Company. In compliance with the requirements of *Section* 61 of the *General Corporation Law, Rev. Code* 1935, § 2093, Atlas thereafter filed a petition seeking a determination of Darco's objecting stockholders entitled to payment for their shares. Pursuant to the order entered upon the petition the appellant filed his claim and demanded an appraisal of the value of his Darco shares and payment therefor in cash.

*Section* 61 permits a dissatisfied stockholder to withdraw from the corporate enterprise after merger and to obtain in cash the value of his shares if he complies with certain required steps. Briefly stated, the dissenting stockholder is required (1) to object to the proposed merger in writing prior to the meeting at which the stockholders' vote on the merger is to be taken; (2) not to vote his stock in favor of the merger, and (3) to make written demand for payment for his stock within twenty days after the recording of the merger agreement.

Atlas resists the claim of appellant for an appraisal of and payment for his shares on the ground that he has not complied with the first step of the statutory requirements.

Appellant contends that both of two letters addressed to Darco are objections in writing within the meaning of the statute. These letters were received by the corporation prior to the meeting of stockholders called to vote upon the proposed merger.

The first letter is dated June 24, 1950, is signed by the appellant himself and, in effect, states that, having read in the newspapers of the proposed merger of Darco with Atlas, he desires further information, and further indicates that he considers the proposed merger unfair to the common stockholders of Darco. Vice Chancellor (now Chancellor, Seitz, citing *Wiswall v. General Water Works Corporation,* 31 *Del. Ch.* 74, 66 *A.* 2d 424, held that this letter was not an objection in writing within the meaning of *Section* 61.

The second letter is under date of July 13, 1950 and in form is an absolute objection to the proposed merger. This letter, however, is signed by an attorney-at-law purporting to be acting in behalf of the appellant. The Vice Chancellor upon the authority of *In re Universal Pictures Co.,* 28 *Del. Ch.* 72, 37 *A.* 2d 615, and *Friedman v. Booth Fisheries Corp.,* 28 *Del. Ch.* 211, 39 *A.* 2d 761, held that this letter was not an objection in writing within the meaning of *Section* 61, because no evidence of the authority of the agent to act was furnished the corporation prior to the meeting of stockholders.

A third argument is urged upon us by the appellant for the allowance of his claim for an appraisal. This is based upon the fact that Darco acknowledged receipt of the letter of July 13, 1950 by letter addressed to the appellant stockholder, himself, even though the letter of objection had been signed by an attorney purporting to act for the appellant. Upon this circumstance appellant bases

an argument that the corporation is estopped from contesting the appellant's claim on the ground that no proof of the agent's authority to act for the appellant had been furnished prior to the meeting of stockholders. The Vice Chancellor held that the facts raised no estoppel against the corporation.

We will first consider the correctness of the Vice Chancellor's holding, upon the authority of prior decisions in the Court of Chancery, that an objection in writing under *Section* 61 may be made by a stockholder by and through an agent, but that evidence of the agent's authority to act must be furnished the corporation prior to the meeting of stockholders called to act upon the proposed merger. The question is one of first instance in this court.

In a decision of this court, *Stephenson v. Commonwealth & Southern Corp.*, 19 *Del. Ch.* 447, 168 *A.* 211, it was held that the basic purpose of requiring a stockholder, who objects to a proposed merger and who seeks to be paid the value of his stock and to withdraw from the resulting corporate enterprise, to object in writing to the proposed merger prior to the meeting of the stockholders called to vote upon it is to inform the corporation and its other stockholders of the number of possible dissentients and, as such, potential demandants of cash for their shares. Knowledge of such information by the corporation and its stockholders prior to the meeting called to vote upon the merger is desirable since the possible amount of cash required to pay off dissenting stockholders might, under some circumstances at least, have an influencing effect upon the attitude of the other stockholders toward the merger itself.

With this purpose of the statutory requirement of an objection in writing prior to the stockholders' meeting in mind, Vice-Chancellor Pearson, in *Re Universal Pictures Co., supra*, held that the requirement was not satisfied by an objection in writing signed by an agent unless evidence of the authority of the agent to act for the stockholder ac-

companied the objection, for the reason that the corporation should not be required to assume the existence of the agency and to act upon that assumption. In *Friedman v. Booth Fisheries Corp., supra,* the same rule was applied to an objection in writing signed by an attorney-at-law purporting to act as agent for a stockholder, and subsequently in *Lewis v. Corroon & Reynolds Corp.,* 30 *Del. Ch.* 200, 57 *A. 2d* 632, was applied to a demand for payment signed by a purported agent after the recording of the merger agreement when it was held that evidence of the agent's authority must be submitted to the corporation within the statutory period prescribed for the making of a demand for payment.

The present rule followed in the Court of Chancery to the effect that a dissenting stockholder electing to act by an agent under *Section* 61 must furnish the corporation with evidence of the authority of the agent to act for him within the period of time allowed by *Section* 61 for the taking of the particular step, depends directly upon the authority of *In re Universal Pictures Co., supra,* since, upon this point, the subsequent decisions of the Court of Chancery were made upon its authority without re-examination of the question.

Appellant argued below and now argues in this court that the holding of *In re Universal Pictures Co., supra,* on this narrow question was incorrect. Vice Chancellor Seitz considered the line of decisions in the Court of Chancery as precedents binding upon him, and declined to depart from them. Appellant now asks us to overrule these cases as precedents upon the question. The decisions of the trial courts of this state are not binding precedents upon us under any principle of *stare decisis,* but, nevertheless, they are entitled to be given great weight and consideration and ought not to be disregarded unless, upon re-examination, they appear clearly to have been decided erroneously. 14 *Am. Jur., Courts,* § 84.

The reason for the decision in *Re Universal Pictures Co., supra,* that a stockholder objecting in writing under *Section* 61 to a proposed merger by and through an agent must, prior to the meeting of stockholders, submit to the corporation evidence of his delegation of authority to the agent to act in his behalf, is stated in that case to be that it is vitally important to the corporation to know, prior to the stockholders' meeting, whether or not the objection is a *bona fide* one. Referring to the principle that the existence of an agency is not presumed, and citing *Jordan Piano Co. v. Lewis,* 4 *W. W. Harr.* 423, 154 *A.* 467,[1] as authority, the court concluded that it would be manifestly unreasonable to require the corporation or the consenting stockholders to assume the existence of an actual agency and to take action upon that assumption.

In *Re Universial Pictures Co., supra, Jordan Piano Co. v. Lewis, supra,* is cited for the proposition that an agency is not established merely from the representation of the purported agent, but must find its ultimate source in some act or omission of the principal. The precise issue before the court and jury in that case was the validity of an alleged collateral parol contract entered into between the defendant and the agent of the plaintiff respecting an abatement of price on an organ sold to the defendant. The plaintiff denied the authority of his agent to bind him to the parol agreement and the issue of the existence or non-existence of the fact of the agent's authority was submitted to the jury, under instructions that a principal may be bound by the act of his agent only when such act falls within the scope of the authority conferred upon the agent by the principal.

This rule of law, however, had no application to the problem that was before the court in *Re Universal Pictures Co., supra.* The question before the court in *Jordan Piano*

---

[1] The court cites also 2 *C. J. S., Agency,* § 16, and the *Restatement of Agency* on the same point.

*Co. v. Lewis, supra,* was a matter of defense raised by the principal. The principal in that case denied the agent's authority while a third party sought to uphold such authority. The Superior Court quite properly instructed the jury that the question to be determined by it was whether or not the agent was authorized. There is nothing in the charge to the jury from which it may be inferred that the failure to offer proof of the agent's authority at the time of contracting was a valid defense to a suit on the contract.

One dealing with an agent does so at his peril and must bear the burden of determining for himself the existence or non-existence of the agent's authority to act in the premises. In determining the validity of a contract entered into on one side by an agent for his principal it is ordinarily immaterial whether or not the fact of the agent's authority was known to or relied upon by the other party to the agreement. If, in fact, the agent was authorized to act for his principal, a binding agreement exists and the other party will not be heard to complain that at the time of contracting the agent did not exhibit proof of his authority. 1 *Mechem on Agency,* (2d Ed.) §§ 743-744.

The rule that an apparent assumption of authority by an agent raises no presumption of the existence of authority relied upon by the court in *Re Universal Pictures Co., supra,* had small pertinency to the issue before it since, under the law of agency, the acts of an agent are valid and binding upon the principal if authority actually exists. The objection in writing under *Section* 61, in so far as it could have been binding upon the stockholder, would have been binding upon him irrespective of the corporation's knowledge of the existence of the agent's authority, if such authority actually had been delegated to the agent.

Except as to acts so peculiarly personal that their performance may not be delegated, or except as to acts regulated by statute which are required to be performed personally, as a general rule an individual may do

all acts through an agent which he could do himself. 2 *C. J. S., Agency,* § 11, *p.* 1039. The court recognized this rule to be applicable in *Re Universal Pictures Co., supra,* when it held that there was no requirement of *Section* 61 that the acts to be performed by a dissenting stockholder be done in person, and that, accordingly, an objection in writing could be made by a stockholder through an agent. The result of this holding, which we think was correct, was to make applicable the ordinary rules of agency. These rules impose, in ordinary circumstances, no obligation on the principal to exhibit proof of the delegation of authority to his agent at the time the act is done. Since it is permissible under *Section* 61 for the stockholder to deal through an agent with the corporation, the law of agency casts the burden on the corporation to determine the scope of the purported agent's authority if it has doubt of that fact, unless there is some special consideration which would require otherwise. 2 *Am. Jur., Agency,* §§ 95, 97.

Such a special consideration was held by the court in *Re Universal Pictures Co., supra,* to be that to require the corporation to assume the existence of the agency and to act upon that assumption would be to place a "manifestly unreasonable" burden upon it. It is difficult to conceive what that unreasonable burden would have been. The filing of an objection in writing by a dissenting stockholder prior to the vote on the proposed merger is binding upon no one. While it is a prerequisite to the right to an appraisal, the objecting stockholder is in no way finally committed to a dissent. At least two additional steps must occur before he can become so committed. He must refrain from voting his stock in favor of the merger. He must thereafter demand payment for his stock. Only after these steps can it be said that a binding commitment of the stockholder to a dissent to any extent has resulted.

We think it is not manifestly unreasonable to require the corporation to inquire of the stockholder con-

cerning the existence of the agency if, under the circumstances, it has any doubt of the actual fact. The only purpose of requiring an objection in writing prior to the stockholders' meeting is to give some advance notice of possible dissentients. The purpose is not to make known to a certainty those who will dissent, for as has been pointed out, a stockholder who objects in writing is still at liberty to vote his shares in favor of the merger, or even to vote his shares against the merger and then conclude to accept its benefits. The necessary uncertainty prior to actual demand for payment as to the number of shares which will have to be paid for by the corporation demonstrates the fallacy, in seeking at an early stage of a proceeding to obtain payment for dissenting stock, of requiring that objection in writing be made with all the formality which might be required if the objection was to result in a binding commitment either upon the stockholder or the corporation. The purpose of the statute in requiring an objection in writing is merely to give notice. It does not seem at all unreasonable to permit this notice to be given by an agent without, at the same time, establishing conclusively by other evidence the actual authority of the agent.

*Section* 61 permits the making of an objection in writing by a dissenting stockholder up to the time of the meeting of stockholders. If the necessity of knowing to a certainty the number of objectors to a merger is to be implied from the desirability of notifying other stockholders, it is obvious that the statute is deficient in not providing a lapse of time in order to permit the corporation to so notify them. The permission under the statute to object up to the time of the meeting is an indication that the Legislature did not place the same importance upon this first stage of the proceeding as did the court in *Re Universal Pictures Co., supra*. Actually, in the case *sub judice* no notice of any kind of possible objectors was sent by the corporation to the other stockholders, and the appellant

appeared in person at the meeting, objected to the merger, and voted his stock against it.

The right of a stockholder to object in writing through an agent without at the time submitting evidence of the authority of the agent to act for him does not preclude the corporation from questioning the authority of the agent. The corporation may request such proof from the stockholder, and in the final stages of the appraisal proceeding may defend against the claim for payment on the ground that no authority had been delegated to the agent to do the acts required by *Section* 61 of the stockholder. Such a defense would put the burden of proof on the stockholder for when the authority of an agent is in issue the burden rests on him who asserts the existence of the agency. 1 *Mechem on Agency*, (*2d Ed.*) § 744.

For the foregoing reasons we think the decision in *Re Universal Pictures Co., supra*, with respect to the requirement as to proof of agency when a stockholder, pursuant to *Section* 61, objects in writing to a merger was decided erroneously and that, consequently, the Vice Chancellor in the case before us committed error when, upon the authority of that decision, he denied the appellant's right to an appraisal.

We reach this conclusion despite the decision of the Supreme Court of Ohio in *Klein v. United Theatres Co.*, 148 *Ohio St.* 306, 74 *N. E.* 2d 319, which was cited to us by appellee. In that case a somewhat comparable statute was construed as requiring the submission of proof of the agent's authority to act for the stockholder at the time demand for payment of the dissenting shares was made, upon the same line of reasoning the Court of Chancery applied in *Re Universal Pictures Co., supra*, which case was referred to with approval by the Ohio court. However, as we have pointed out, we cannot agree with the reasons for so holding.

Since we have reached the conclusion that the Vice

Chancellor committed error in holding that the letter of July 13, 1950 was not a valid objection in writing to the proposed merger of Darco and Atlas, it follows that the judgment below must be reversed and the appellant given his right to an appraisal of his stock of Darco. This conclusion makes it unnecessary for us to pass upon the other reasons urged by the appellant for the reversal of the judgment below.

A mandate will be entered reversing the judgment of the Vice Chancellor and remanding the cause with directions to take further proceedings in accordance with this opinion.