204 A.2d 740 (1964)
ABRAHAM AND CO. et al., Plaintiffs,
v.
OLIVETTI UNDERWOOD CORPORATION, a Delaware corporation, Defendant.
Court of Chancery of Delaware, New Castle.
November 5, 1964.
Arthur J. Sullivan, of Morris, James, Hitchens & Williams, Wilmington, for certain stockholders.
Other stockholders appeared pro se.
Bruce M. Stargatt, of Morford, Young & Conaway, Wilmington, and Daggett H. Howard, Oscar Cox and Peter D. Ehrenhaft, of Cox, Langford & Brown, Washington, D. C., for defendant.
SEITZ, Chancellor:
Certain minority stockholders involved in a short form merger under 8 Del.C. § 253 seek a statutory appraisal. The resulting *741 corporation ("corporation") objects and this is the decision after hearing.
The corporation first contends that certain brokers who are registered stockholders and who seek an appraisal are not entitled thereto because they have failed to submit satisfactory proof of their authority to act for the beneficial owners of the stock involved. The fact of separate beneficial ownership was established in the course of the merger proceedings. No direct authority is cited in support of the corporation's position. The case of Societe Internationale Pour Participations Industrielles Et Commerciales, S. A. v. Rogers, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 has no application, as a cursory reading will show. The case of Reynolds Metal Co. v. Colonial Realty Corp., Del.Ch., 190 A.2d 752, dealt with the right of a broker registered owner to vote certain of such shares for a merger and then seek an appraisal as to other shares so held. Our Supreme Court ruled that such a broker was entitled to an appraisal even though it was not the beneficial owner. In discussing the case the court did say that the corporation could inquire into the authority of the registered stockholder to act as agent. The court cited Zeeb v. Atlas Powder Co., 32 Del.Ch. 486, 87 A.2d 123 as being applicable by analogy. In that case the corporation was held to have the burden of showing lack of authority in challenging a stockholder's right to an appraisal and in that connection was said to have the right to inquire
The Reynolds case involved the right of the corporation to question whether a stockholder had complied with statutory prerequisites to an appraisal. No such issue is here involved. The Zeeb case involved action by a purported agent of a registered stockholder and the issue was whether evidence of the agent's authority had to be presented by the agent. There is no question of any purported agent's authority here insofar as compliance with the appraisal statute is concerned. I conclude that neither the Reynolds nor the Zeeb case is applicable here.
In Salt Dome Oil Corp. v. Schenk, 28 Del.Ch. 433, 41 A.2d 583, 158 A.L.R. 975, our Supreme Court emphasized that in an appraisal proceeding the corporation is required to look only to the registered stockholder. It gave as one reason for its conclusion the fact that in this type of situation the corporation ought not to be involved in possible differences between the registered and beneficial owner. That reasoning is also pertinent when, as here, the corporation seeks to raise an issue of the registered owner's authority. To suggest that because a corporation learns that a registered owner seeking an appraisal is not the beneficial owner imposes on the corporation a duty to seek proof of his authority to act is to inject the corporation into one of the very problems from which it is insulated by being able to rely on the stock ledger. This is particularly true where, as here, the corporation has no evidence that the registered owners may be acting contrary to the wishes of the beneficial owners. The court cannot agree with the corporation's suggestion that as to some the record negatived the possibility that they acted with authority. Thus, in this posture of the case at least, the corporation has no right to raise any issue as to the right of a registered owner to seek a statutory appraisal and such a stockholder has no duty to supply proof as to that issue. It follows that these broker-registered stockholders are entitled to an appraisal.
The corporation next contends that the communications of certain stockholders (Shields & Co. and Teitelbaums) do not constitute the written demands for payment required by the appraisal statute.
As noted, this was a short form merger under 8 Del.C. § 253. That section provides in part that "If any such stockholder [minority stockholder of the subsidiary] shall within 20 days after the date of mailing of the notice object in writing to said merger *742 and demand in writing from the surviving corporation payment for his stock * * *" then, absent an agreement, he is entitled to an appraisal. Under this type of merger minority stockholders do not receive notice prior to the effectuation of the merger. Thus, it can be seen that the statutory requirements of both an objection and a demand for payment would seem anomalous. The probable fact is that such language was carried over from the practice applicable to appraisal procedures in the so-called regular merger where stockholders receive notice of a proposed merger. However, I am not directly concerned with the objection requirement because both stockholders admittedly objected in writing.
The question is whether the communications which constituted objections also fulfilled the "written demand for payment" requirement of the statute. In the communications these stockholders state that they "object" to the merger or say that they desire to "register objection" thereto. The stockholders rely on these communications as constituting, by fair implication, demands for payments. They cite Delaware authority to the effect that if a writing can be said by fair implication to constitute a demand for payment then the court will deem it sufficient for purposes of the appraisal statute. There can be no quarrel with the law. The question is whether under any reasonable reading of the language of these communications a demand for payment was made. I cannot so conclude. All that one can say of the letters is that the stockholders objected to the merger. I agree that since the stockholders were offered only cash under the terms of the merger the communications had little purpose apart from a possible appraisal. Nevertheless, the statutory ceremony of objection and demand is mandatory and the court is not free to construct a demand in the absence of any words of that general tenor. Moreover, these stockholders received a copy of the Delaware statute setting forth the objection and demand provision. Thus, they were on notice.
I therefore conclude that these particular stockholders are not entitled to an appraisal. Other objections as to their claims need not be considered.
Finally, I consider objections raised to certain claims for failure to comply with one or more of the various provisions of this court's order of July 16, 1964 providing for the filing of claims, etc. The failures relate to the requirement that the claims be verified, that copies of stock certificates be filed and copies of purported written objections and demands be filed.
I point out initially that the corporation does not contend that there was any failure to meet any statutory requirements. The question then is whether the enumerated failures with respect to the requirements of the court order are sufficient to deny an appraisal to these stockholders. The answer may perhaps be found by resolving the questions as to whether the elements of noncompliance disrupt the orderly administration of this appraisal proceeding or operate to the corporation's prejudice.
Certainly the absence of a verification on the claim is not important. The same is true of the failure to attach copies of purported written objections and demands because the corporation presumably received them or it would have a statutory basis for opposing such claims. The failure to file a copy of the stock certificates is not sufficient to interfere with the orderliness of the proceedings. Nor can it prejudice the corporation because under 8 Del.C. § 262 (g) the corporation can request the court to require the stockholder to submit her stock certificate for notation of these proceedings thereon when the appraiser is appointed or thereafter. I therefore conclude that the objections based on the failure to comply with the court order do not deprive these stockholders of their right to an appraisal.
Next, the stockholder claimant who surrendered her certificates and received *743 payment is clearly not entitled to an appraisal.
Finally, I consider the H. N. Whitney Goadby & Company claim which was filed in the form of a letter to the Clerk of this court even before the statutory period for seeking an appraisal. The sole question is whether this stockholder filed any written claim pursuant to the requirement of the court order. Here I think the court must insist on certain orderliness in the proceedings. The failure to file a claim deprived the corporation of notice and an opportunity to investigate. The granting of permission to file it now would further delay this matter. On balance I conclude that this stockholder's claim is denied for failure to reasonably comply with the direction of this court's order to file a claim.
Present order on notice.