**Max L. RAAB, Trustee, et al., Claimants below, Appellants,**

v.

**VILLAGER INDUSTRIES, INC., Respondent-Defendant below, Appellee.**

Supreme Court of Delaware.

Argued Nov. 10, 1975.

Decided April 12, 1976.

Steven J. Rothschild and Jan S. Black, Prickett, Ward, Burt & Sanders, Wilmington, for certain appellants.

Appellants Gene P. Mitchell, Agnes Payne, Bettye Miller, George A. Lesnick, pro se.

Richard F. Corroon and David A. Anderson, Potter Anderson & Corroon, Wilmington, for appellee.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

HERRMANN, Chief Justice:

Villager Industries, Inc. ("Villager"), is the surviving corporation in a merger with another corporation under 8 Del.C. Subchapter IX. Various dissenting stockholders of Villager petitioned the Court of Chancery, under 8 Del.C. § 262(c),[1] for

---

1. 8 Del.C. § 262 provides in pertinent part:
"§ 262. Payment for stock or membership of person objecting to merger or consolidation.

\* \* \* \* \*

"(b) The corporation surviving or resulting from any merger or consolidation shall within 10 days after the effective date of the merger or consolidation, notify each stockholder of any corporation of this State so merging or consolidating who objected in writing and whose shares either were not entitled to vote or were not voted in favor of the merger or consolidation, and who filed such written objection with the corporation before the taking of the vote on the merger or consolidation, that the merger or consolidation has become effective. Such notice shall likewise be given to each stockholder whose corporation approved the merger or consolidation pursuant to section 228 of this title without a meeting of its stockholders and who either did not, or had no right to, consent in writing to the merger or consolidation. If any such stockholder shall within 20 days after the date of mailing of the notice demand in writing, from the corporation surviving or resulting from the merger or consolidation, payment of the value of his stock, the surviving or resulting corporation shall, within 30 days after the expiration of the period of 20 days, pay to him the value of his stock on the effective date of the merger or consolidation, exclusive of any element of value arising from the expectation or accomplishment of the merger or consolidation.

"(c) If during a period of 30 days following the period of 20 days provided for in subsection (b) of this section, the corporation and any such stockholder fail to agree upon the value of such stock, any such stockholder, or the corporation surviving or resulting from the merger or consolidation, may, by petition filed in the Court of Chancery within four months after the expiration of the period of 30 days, demand a determination of the value of the stock of all such stockholders by an appraiser to be appointed by the Court."

the valuation of their stock. In determining the stockholders entitled to such appraisal over the objection of Villager, the Court of Chancery sustained certain of Villager's objections and overruled others. These appeals bring up for review certain rulings below:

## I.

The Court sustained Villager's objections to claims for appraisal by a group of husbands and wives,[2] stockholders of record as joint tenants, on the ground that each of the written objections to the merger, filed pursuant to 8 Del.C. § 262(b) before the taking of the stockholder vote on the merger, was signed by only one spouse who did not purport to act for both. This ruling was based upon *In re Northeastern Water Co.*, Del.Ch., 28 Del.Ch. 139, 38 A.2d 918 (1944) which involved both written objection and written demand for payment signed by only one of two tenants by the entireties.

The validity of the claims here under review involved pre-vote written objections—not written demands for payment. We distinguish between the two writings in determining the requisite formality and technicality of execution. The purpose of

the objection is of lesser importance than the demand for payment. "The only purpose of requiring an objection in writing prior to the stockholders' meeting is to give some advance notice [to corporate officers and other stockholders] of possible dissentients. The purpose is not to make known to a certainty those who will dissent, for as has been pointed out, a stockholder who objects in writing is still at liberty to vote his shares in favor of the merger, or even to vote his shares against the merger and then conclude to accept its benefits. * * * The purpose of the statute in requiring an objection in writing is merely to give notice." *Zeeb v. Atlas Powder Co.*, Del.Supr., 32 Del.Ch. 486, 87 A.2d 123, 127 (1952).[3]

The requirements of § 262(b) are to be liberally construed for the protection of objecting stockholders, within the boundaries of orderly corporate procedures and the purpose of the requirement. *Salt Dome Oil Corporation v. Schenck*, Del.Ch., 28 Del.Ch. 433, 41 A.2d 583 (1945); *Carl M. Loeb Rhoades & Co. v. Hilton Hotels Corp.*, Del.Supr., 222 A.2d 789 (1966). Considering the limited notice purpose of the objection, we find no reasonable basis for a requirement that an objection be signed by both husband and wife

---

2. The following stockholders are included in this group: LeRoy B. and Elaine H. Gauss; Edward V. and Mary A. Hirsch; John P. and Laverne M. Meier; Matthew and Blanche D. Miller; George J. and Nancy G. Scholz; Daniel K. and Helen A. Tyler; Elmer and Jennie Zenker.

3. " * * * The necessary uncertainty prior to actual demand for payment as to the number of shares which will have to be paid for by the corporation demonstrates the fallacy, in seeking at an early stage of a proceeding to obtain payment for dissenting stock, of requiring that objection in writing be made with all the formality which might be required if the objection was to result in a binding commitment either upon the stockholder or the corporation." 87 A.2d at 127.
  * * * * *
  "In a decision ot this court, *Stephenson v. Commonwealth & Southern Corp.*, 19 Del.

Ch. 447, 168 A. 211, it was held that the basic purpose of requiring a stockholder, who objects to a proposed merger and who seeks to be paid the value of his stock and to withdraw from the resulting corporate enterprise, to object in writing to the proposed merger prior to the meeting of stockholders called to vote upon it is to inform the corporation and its other stockholders of the number of possible dissentients and, as such, potential demandants of cash for their shares. Knowledge of such information by the corporation and its stockholders prior to the meeting called to vote upon the merger is desirable since the possible amount of cash required to pay off dissenting stockholders might, under some circumstances at least, have an influencing effect upon the attitude of the other stockholders toward the merger itself." 87 A.2d at 125.

as joint stockholders. We hold that an objection signed by one spouse was sufficient pre-vote notice to the corporation that the shares thus held possibly would be voted against the merger, thus fulfilling the purpose of the objection requirement of the Statute.

Accordingly, the rulings of the Chancery Court upon the claims for appraisal of this group are reversed.

## II.

A demand for payment under § 262(b), on the other hand, requires the formality and legal technicality befitting a last step in the final transaction between the corporation and its dissenting stockholder. A demand for payment must be properly and formally signed by or for all stockholders of record.

The Chancery Court held the demand for payment signed by Gene P. Mitchell alone, who did not purport to act for his wife therein, was inadequate to cover the stock held by them as joint owners and, therefore, invalid.

Evidence of the wishes and the act of each spouse holding jointly with the other must be formally and completely manifested at this final stage of the disposition of their stock as to which "[b]oth were entitled to exercise and enjoy jointly, but not otherwise, all of the * * * rights and powers incident to stock ownership * * *." *In re Giant Portland Cement Co.*, Del.Ch., 26 Del.Ch. 32, 21 A.2d 697, 704 (1941).

Accordingly, the ruling of the Chancery Court as to this claim is affirmed.

## III.

The Court of Chancery sustained Villager's objections to claims for the appraisal of several blocks of stock held in trust on the ground that written objections to the merger were not signed by the record owner of the stock, or one purporting to act on behalf of the record owner.

The factual patterns regarding the claims of Mary Raab, Trustee for Claudia F. Raab; Mary Raab, Trustee for Andrew David Raab; and Max L. Raab, Trustee for C. Brooke Jones, III, are similar. In each case, a block of shares was transferred to the trustee by the beneficiary on May 10. On May 21, each of the beneficiaries filed a written objection to the merger without purporting to act for the trustee, then stockholder of record. In each case, the Assistant Controller of Villager, upon receipt of the written objection to the merger, by recognition and association of the names and the odd number of shares held (32,551; 32,553; 32,752), took notice that the shares covered by the objection were the same shares held of record by the trustee; and the Controller marked the stock ledger records of Villager accordingly. As of May 30, the date of the stockholder vote on the merger, the stock in issue was owned of record by the trustee. The Court of Chancery adhered to the rule that only a registered owner is a "stockholder" within the meaning of the merger-appraisal provisions of the General Corporation Law of Delaware. *Carl M. Loeb, Rhoades & Co. v. Hilton Hotels Corp., supra*, 222 A.2d at 792.

The claimants contend that, at the time of the vote, Villager had actual notice of the possible dissension of these claimants by reason of the assumptions of its Assistant Controller and his notations upon the stock ledger records; that, therefore, the purpose of the written objection, as spelled out in *Zeeb*, was fulfilled. We agree.

The Assistant Controller of Villager testified that he was the officer charged with processing all objections to the merger; that by reason of his acquaintance with,

and association of, the names and odd numbers of shares here involved, he assumed that the objections signed by the beneficiaries covered the stock in question although by then registered in the names of the trustees; that he marked the corporate records accordingly and the stock was included in the official list of objectors prepared by the corporation on the day after the meeting, confirming and documenting the information considered by management and stockholders as to possible dissenters at the time of the stockholder vote.[4]

Upon this record, we hold that, by reason of the objections filed, Villager and its stockholders had actual notice of the possible dissent of the holders of the stock in question. Manifestly, for all intents and purposes as of the time of the vote, the corporation considered the stock as being the subject of valid written objections. Implementing the applicable liberal rule of interpretation and the announced purpose of the Statute as above set forth, these objections should have been ruled valid.

Villager relies upon the Aranow-Loeb ruling in *Loeb, supra, 222 A.2d at 792.* We consider that case inapposite upon its facts.

Accordingly, we hold that the dismissal of this group of claims for appraisal, on the ground of invalid objections, must be reversed.

## IV.

The Court of Chancery sustained Villager's objection to the claims of Goldman, Sachs & Co. and of Gilbert Miller on the grounds that as of the close of business of May 30, the date of the vote, the stock in question was owned of record by Miller, whereas the objection was filed by Goldman.

The evidence indicates that on May 23, Goldman was the record owner of 3960 shares owned beneficially by Miller; that, on that date, Goldman filed an objection to the merger which stated clearly that Goldman was acting pursuant to instructions from Miller. The evidence is inconclusive as to whether Goldman or Miller appeared as stockholder of record as of the hour of the vote.

We think that the objection to this claim is hypertechnical. The purpose of the statutory objection was fulfilled in that Villager had adequate prior notice of possible dissent. The rule of liberal interpretation requires that this claim be allowed. Accordingly, the dismissal of the claim below is reversed.

## V.

The Chancery Court sustained Villager's objection to the claim for appraisal by

---

4. The Assistant Controller testified as follows:
  "Q. So that if I understand you correctly, when you received that objection letter which was signed by Max Raab, guardian for Andrew David Raab, you knew that the shares were on the records of the company under the name of Mary Raab, trustee for Andrew David Raab?
  "A. Yes.
    *    *    *    *    *
  "Q. So your answer would be the same then, that as of that date, even though the objection letter was filed by Claudia F. Raab, you knew that represented the same shares as were listed in the stockholders list under the name of Mary Raab as trustee for Claudia F. Raab?
  "A. Yes.
    *    *    *    *    *
  "Q. Would you therefore agree as you have in the other cases that as of the time that you prepared that list [of objecting stockholders as of the time of the vote], you were aware of the fact that the shares represented by the objection letter filed in the name of C. Brooke Jones, III were the shares which were on that date listed in the name of Max Raab as trustee for C. Brooke Jones, III?
  "A. Again, it was an assumption based on the exact number of shares being listed in both cases."

James and Mary McGuinness on the ground that their post-merger demand for payment of the value of their stock was never received by Villager.

■ It appears that these claimants have been unable to overcome, by registered mail receipt or otherwise, Villager's denial of timely receipt of their written demand for payment. The filing of a copy of the demand with the claim for appraisal long after the expiration of the statutory 20-day period prescribed for such demand, without more, did not constitute proof of a timely filing of a demand under the Statute.

■ When controverted, the claimants have the burden of proving timely delivery of their demand for payment. We adhere to the rule stated in *Schenley Industries, Inc. v. Curtis,* Del.Supr., 38 Del.Ch. 370, 152 A.2d 300, 302 (1959):

"This conclusion [that the time of the demand shall be the date of its posting in the mail and not the date of its receipt by the corporation] does not mean that the stockholder has perfected his right to an appeal when he deposits the demand in the mail. The corporation must receive the demand; otherwise, the statutory scheme of permitting the corporation, after a certain time, to bring into court all dissenting stockholders would be thwarted. This would cause no hardship to the stockholders since registered mail could be used."

See also *Loeb, supra,* 222 A.2d at 793, regarding the stockholders' burden of proving delivery of the objection to the corporation.

In this situation, the rule of liberal interpretation must yield to the necessity of orderly corporate procedure. The availability and sufficiency of registered mail makes this a rule of reason. Accordingly, the dismissal of this claim is affirmed.

## VI.

■ The Court of Chancery denied the claim of Elaine J. Musson on the ground that the stock involved was held by her as trustee and the objection to the merger, demand for payment, and the claim for appraisal were all signed by her individually.

The stock in question was the only stock of record in the name of Elaine J. Musson. There was no room for reasonable doubt, confusion, or mistake in view of the identical name and number of shares. The objection is too technical under the rule of liberal construction here applied.

The dismissal of this claim is reversed.

## VII.

It is conceded by Villager that the claim of Rodney Koshak should be allowed and that its dismissal below should be reversed.

## VIII.

An objection and demand for payment was signed by Rodney Koshak who did not purport to act for the record owner, Lois Koshak, custodian for Rodney Koshak.

An objection and demand for payment was signed by Gene P. Mitchell who did not purport to act on behalf of the record owner, Burns, Nordeman & Co.

An objection and demand for payment was signed by George A. Lesnick, who did not purport to act for the record stockholder, Putnam, Coffin, *etc.*

An objection and demand for payment was signed by Agnes Payne and Bettye Miller, who did not purport to act for the record holder, Lad & Lassie Shop, a partnership.

■ The dismissals of the foregoing claims are affirmed on the ground that the demands for payment were deficient in that

they were not signed by or for the stockholders of record.

## IX.

We take the occasion to announce the following policy for prospective application only:

 A Delaware corporation, engaged in § 262 proceedings, henceforth shall have an obligation to issue specific instructions to its stockholders as to the correct manner of executing and filing a valid objection or demand for payment under the Statute, as construed by Delaware courts, including: (1) the general rule that all such papers should be executed by or for the stockholder of record, fully and correctly, as named in the notice to the stockholder; and (2) the manner in which one may purport to act for a stockholder of record, such as a joint owner, a partnership, a corporation, a trustee, or a guardian.

Fairness to stockholders require such reasonably specific instructions in § 262 proceedings. As a general rule in the future, failure by the corporation to furnish such instructions will result in the resolution in favor of the stockholder of all doubt as to the sufficiency, for corporate purposes, of the objection or demand.

\*   \*   \*   \*   \*   \*

Reversed in part; affirmed in part.